# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 00-60275
_____


GARY LEE; AMANDA LEE,


                    Plaintiffs - Appellants,


versus


E I DUPONT DE NEMOURS & COMPANY,


                    Defendant - Appellee.



Appeal from the United States District Court
For the Southern District of Mississippi


April 19, 2001

ON PETITION FOR REHEARING
(Opinion October 31, 2000, 5th Cir., 2000, _____F.3d_____)

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

        The Petition for Rehearing of Plaintiffs-Appellants Gary and Amanda Lee is GRANTED in

part.  The last sentence of the first paragraph in our previous opinion is revised from "We affirm."

to "We vacate and remand."  We also strike the last three paragraphs and replace them with the

following:

"Finally, the Lees highlight the remedial measures taken by DuPont since the accident as evidence of *de facto* control at the time of the accident. The Lees allege that following the accident, DuPont shut down the chlorinator, headed an investigation into the cause of the fall, and instituted changes in both the design of the scaffold and the assembly/disassembly procedures. These allegations were presented to the district court in the Memorandum in Support of Plaintiffs' Response to Defendant's Second Motion for Summary Judgment. The district court's summary judgment order does not, however, address the Lees' remedial measures allegations.

Mississippi generally permits evidence of subsequent remedial measures as relevant to the issue of past control. *See Sumrall v. Mississippi Power Co.*, 693 So.2d 359, 365 (Miss. 1997) ("We find that evidence that Mississippi Power shut down the project after the accident and brought in engineers to ensure the safe completion of the project, although not conclusive, was relevant to whether Mississippi Power had control at the time of the accident."). In *Sumrall*, the plaintiff, an employee of an independent contractor, sued Mississippi Power for injuries sustained during an excavation project. The case went to trial, and the jury returned a verdict in favor of Mississippi Power on the issue of *de facto* control. Before the Mississippi Supreme Court, Sumrall argued that the trial court erroneously excluded the evidence of remedial measures taken by Mississippi Power after the accident. The Supreme Court agreed, and granted a new trial with instructions to the trial court to admit the evidence under a limiting instruction.[1]

---

[1] The Supreme Court's decision was based upon Mississippi Rule of Evidence 407, which provides that "[w]hen, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving...control...." *Sumrall*, 693 So.2d at 365.

Although Mississippi law is unclear on the extent to which evidence of remedial measures alone may be probative of *de facto* control, under *Sumrall* it appears that at a minimum such evidence must be considered in conjunction with the plaintiffs' broader allegation of *de facto* control. Accordingly, we remand to the district court for consideration of the effect of the Lees' remedial measures allegations on its grant of summary judgment. *See, e.g., Rokohl v. Texaco, Inc.*, 77 F.3d 126, 130-31 (5th Cir. 1996) ("[e]ven though, in our *de novo* review, we could consider summary judgment on that issue, we think it advisable to remand the claim to the district court for it to give this issue its initial consideration.").

The district court's grant of summary judgment to DuPont is VACATED and REMANDED."